Howell, J.
This is an hypothecary action to recover the amount of three promissory notes, given for the price of,. and secured by mortgage on a tract of land, situated in the parish of Carroll, the sale of which was made on 16th December, 1862. The defence is that said notes, by a clause in the act of sale, were to be applied to the payment of a prior mortgage on said land in favor of one Mrs. Caroline Bell, which the vendor failed to do, and in consequence the contract of sale was void, and the *167 cash, portion of the price is claimed in reconvention. By ah amended answer, the nullity of the sale was further alleged, on the ground that both vendor and vendee were aiding and abetting the late rebellion, in violation of the proclamation of the President of the United States, and the orders of the commanders of this department. Judgment was rendered in favor of defendant annulling the sale, and plantiff appealed.
The first ground of defence is untenable, as plaintiff, in his capacity of administrator of the vendor, asks judgment for the purpose of appropriating the sums claimed according to the stipulations of the contract, and there is nothing to show that Mrs. Bell was to take the notes instead of the money. Defendant, the vendee, would not be relieved from payment by the transfer of the notes to her, and the suit is virtually for her benefit.
The second ground is still less tenable.
We do not consider that the laws of Congress, the proclamation of the President, and the orders of the military commanders referred to can be invoked, in such a case as this, by one who alleges his own violation of them. We view the law of Congress, passed on 17th July, 1862, “to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes,” as enacted in the interest of the Government and not for the benefit of those against whom its provisions are directed, and that the nullity therein denounced relates to sales made to defeat the rights of the Government.
It is therefore ordered that the judgment appealed from be reversed; and it is now ordered that there be judgment in favor of plaintiff, administrator of the succession of Samuel Neill, and against defendant for the sum of $6,000, with 8 per cent, interest on $2,000 thereof, from January 1st 1864, on $2,000 from January 1st 1865, and on $2,000 from January 1st-1866, with mortgage and vendor’s privilege on the land described in the petition, to-wit: N. E. ^ and E. % of N. W. % of section 36, T. 19, R. 9 East; also W. % of W. yz and S. E. of S. W. of section 30, T. 19, R. 10 East, containing 440 acres, with all the improvements thereon, from 16th December, 1862, and that a writ of seizure and sale issue against all of said land for the purpose of paying plaintiff in his said capacity, said sums to be applied according to the stipulations of the contract of sale and mortgage herein sued on. Defendant and appellee to pay costs in both courts.
Rehearing refused.